

**Service of Process Transmittal**
06/04/2020
CT Log Number 537742252

| | |
|---|---|
| **TO:** | Pepsop Intakeparalegal<br>PepsiCo, Inc.<br>700 Anderson Hill Rd<br>Purchase, NY 10577-1444 |
| **RE:** | **Process Served in Massachusetts** |
| **FOR:** | Rolling Frito-Lay Sales, LP  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | DAVID CHAPUT, Pltf. vs. ROLLING FRITO LAY SALES, Dft. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2085CV520D |
| NATURE OF ACTION: | Personal Injury - Vehicle Collision |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Boston, MA |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/04/2020 at 10:39 |
| JURISDICTION SERVED : | Massachusetts |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 06/04/2020, Expected Purge Date: 06/09/2020<br><br>Image SOP<br><br>Email Notification,  Bill Howard  bill.j.howard@pepsico.com<br><br>Email Notification,  Pepsop Intakeparalegal  PEPSOPintakeparalegal@pepsico.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| For Questions: | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2085CV520 D

DAVID CHANT, PLAINTIFF(S),

v.

ROLLING FRITO LAY SALES, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO ROLLING FRITO LAY SALES. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the WORCESTER SUPERIOR Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, WORCESTER Court, 225 MAIN ST WORCESTER MA (address), by mail or in person, **AND** SUPERIOR
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 339 MAIN ST WORCESTER MA 01608.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

A true copy Attest:
Joseph P Casey
Deputy Sheriff Suffolk County
6-7-20

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

_[signature]_
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

IN ADDITION TO INTERROGATORIES, DOCUMENT REQUEST UNDER RULE 34, AND REQUEST FOR ADMISSIONS UNDER RULE 36 MRCP

Dated: _____, 20___   Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                     SUPERIOR COURT DEPARTMENT
                                   OF THE TRIAL COURT
                                   CIVIL ACTION NO.

| | |
|---|---|
| DAVID CHAPUT, <br> PLAINTIFF | ) <br> ) <br> ) |
| VS. | ) <br> ) |
| ROLLING FRITO LAY SALES, <br> DEFENDANT | ) <br> ) |

## COMPLAINT & JURY DEMAND

### PARTIES

1. Plaintiff, David Chaput, is a natural person who resides in Webster, Worcester County, Massachusetts.

2. Defendant, Rolling Frito-Lay Sales, Limited Partnership, is a foreign limited partnership with a Massachusetts office located at 100 Commerce Drive, Braintree, Norfolk County, Massachusetts and a resident agent – C T Corporation System – located at 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts.

### FACTS COMMON TO ALL COUNTS

3. On or about June 4, 2018, Svetlana Kasem-beg (hereinafter, "Kasem-beg") was employed as a salesperson by Rolling Frito-Lay Sales, Limited Partnership (hereinafter, "Defendant").

4. On or about June 4, 2018, Kasem-beg was operating a vehicle owned by Defendant and provided by Defendant to Kasem-beg in the course of her employment as a salesperson for Defendant.

5. On or about June 4, 2018, Kasem-beg was operating said vehicle on Buckley Hill Road at or near Route 12 in Thompson Connecticut.

6. At the same time, David Chaput (hereinafter, "Plaintiff") was operating his motor vehicle in the same intersection as Kasem-beg.

7. Kasem-beg attempted to make a left hand turn in front of Plaintiff, causing a head on collision between the two vehicles (hereinafter, the "Accident").

8. Kasem-beg was cited by the police for improper turning in front of Plaintiff.

9. At the time of the Accident, Kasem-beg was acting in the scope and course of her employment for Defendant.

## COUNT 1
### Vicarious Liability

10. Plaintiff incorporates by reference all prior paragraphs as if expressly stated herein.

11. Kasem-beg was negligent in the operation of Defendant's motor vehicle in – among other ways – failing to grant the right of way to Plaintiff and improperly turning in front of Plaintiff.

12. As a result of Kasem-beg's negligence, Plaintiff was caused to sustain various physical injuries including but not limited to a neck injury and a shoulder injury, the latter of which required surgical intervention.

13. As a result of Kasem-beg's negligence, Plaintiff was caused to incur physical and emotional pain and suffering, medical expenses in excess of twenty thousand dollars ($30,000.00), and lost income in excess of thirty thousand dollars ($20,000.00).

14. As a result of Kasem-beg's negligence, Plaintiff was caused to incur significant damage to his motor vehicle.

15. At the time of the Accident, Kasem-beg was acting in the scope and course of her employment as a salesperson for Defendant.

16. Defendant is vicariously liable to Plaintiff for Kasem-beg's negligence under principles of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that is reasonable and just, together with interest and costs, along with any other relief this Court deems just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,
DAVID CHAPUT
By his attorney,

*/s/ Thomas W. Beliveau*

Thomas W. Beliveau, Esquire
Fuller, Rosenberg, Palmer & Beliveau, LLP
339 Main Street
Worcester, MA  01608
(508) 751-5121
BBO# 548001

Dated: May 18, 2020